UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | | |
|---|---|---|
| HARVEY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:16-cv-00102-JTN-PJG |
| v. | ) | |
| | ) | Honorable Janet T. Neff |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| Defendant. | ) ) | |

### REPORT AND RECOMMENDATION

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) and supplemental security income (SSI) benefits. This matter is before the Court on the Commissioner's April 12, 2016, motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), for lack of jurisdiction. (ECF No. 8). Plaintiff has not responded to the motion, and his time for doing so has long expired. *See* W.D. MICH LCIVR 7.2(c). Accordingly, and for the reasons stated in the Commissioner's motion, I recommend that the motion to dismiss be granted.

### Underlying Facts and Procedural History

The undisputed facts are that plaintiff filed applications for DIB and SSI benefits on December 23, 2013. (Hartt Decl. at ¶ 3(a), ECF No. 8-2, PageID.37). The applications were denied at the initial stage on May 2, 2014. (*Id.*). Plaintiff filed his

request for an administrative hearing on October 8, 2014. (*Id.* at ¶ 3(b), PageID.38). The hearing request was denied as untimely. (*See id.*; *see also* Notice and Order of Dismissal, ECF No. 8-3, PageID.39, 42). Plaintiff filed a request for review with the Appeals Council, which was denied. (Hartt Decl. at ¶ 3(c), ECF No. 8-2, PageID.38).

Plaintiff filed his complaint with this Court on January 29, 2016. (ECF No. 1). The Commissioner filed her motion to dismiss on April 12, 2016. (ECF No. 8). As noted above, plaintiff has failed to respond.

## Discussion

The sole jurisdictional basis for judicial review of cases arising under the Social Security Act is found in 42 U.S.C. § 405(g). "No findings of fact or decision of the Commissioner . . . shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h); *see also Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 475 (1994) (Federal Government and its agencies are immune from suit absent consent to be sued; where United States does consent to be sued, terms of that consent define court's jurisdiction to entertain suit). Under the Social Security Act, the Court's jurisdiction is limited to "final decision[s] of the Commissioner made after a hearing." 42 U.S.C. § 405(g). "Although § 405(g) limits review to a 'final decision of the Commissioner,' that term is not defined in the statute. Nevertheless, the regulations provide that a claimant must complete a four-step administrative review procedure to obtain a judicially reviewable final decision of a claim for benefits…." *Williams v. Comm'r*, No. 1:14-968, 2015 WL 2172481, at *2 (W.D. Mich. May 8, 2015) (citations and quotations omitted); *see Sanders v. Comm'r.*, 101 F.

App'x 594, 595 (6th Cir. 2004). Under this process, a claimant needs to timely request a hearing before an Administrative Law Judge (ALJ) in order to obtain a final decision that is subject to judicial review. *See* 20 C.F.R. §§ 404.900(a)(3), (a)(5), (b) and 416.1400(a)(3), (a)(5), (b); *Wilson v. Comm'r*, No. 1:12-cv-1252, 2014 WL 5599346, at *3 (W.D. Mich. Nov. 3, 2014).

In this case, plaintiff's request for an administrative hearing was untimely. A claimant must request a hearing within sixty days after receiving notice of a determination. *See* 20 C.F.R. § 404.933(b)(1), 416.1433(b)(1). Plaintiff's applications for DIB and SSI benefits were denied at the initial level on May 2, 2014. (Hartt Decl. at ¶ 3(a), ECF No. 8-2, PageID.37).[1] He did not file his request for an administrative hearing until October 8, 2014 (*id.* at ¶ 3(b), PageID.38), well after the deadline. Plaintiff's proffered ignorance of a right to hearing as an excuse for failing to meet the deadline was considered and rejected by the ALJ:

> In terms of extending the time to file the request, the claimant stated on Form SSA-795, Statement of Claimant or Other Person. That he missed the deadline to request a hearing because he was unaware he could file for a hearing after his denial was issued. The undersigned has considered this explanation under the standards set forth in 20 CFR 404.911 and 416.1411 and finds that the claimant has not established good cause for missing the deadline to request a hearing. The claimant has a 12th grade education, and the plain and clear language in the Personal Decision Notice, not only adequately informed the claimant of

---

[1] The notice of initial denial is presumed to have been received five days after the date on the notice, unless the claimant can establish that he did not receive the notice within the five-day period. *See* 20 CFR 404.901 and 416.1401). There is nothing in the record to suggest that plaintiff did not receive the notice within the presumptive time period.

his right to request a hearing, but also instructed him how to execute the same.

(Order of Dismissal at 1-2, ECF No. 8-3, PageID.42-43).  Having determined that plaintiff did not establish good cause for missing the deadline, the ALJ dismissed the request for a hearing.  (*Id.* at 2, PageID.43).

The ALJ's dismissal is not a final decision subject to judicial review. *See Hilmes v. Sec'y of Health & Human Servs.*, 983 F.2d 67, 69 (6th Cir. 1993). Accordingly, absent a "colorable constitutional claim," *Ferguson v. Comm'r*, No. 1:07-cv-247, 2008 WL 243955, at *4 (W.D. Mich. Jan. 28, 2008), which plaintiff has not raised, this Court lacks subject matter jurisdiction.

### Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's motion to dismiss this action for lack of jurisdiction be granted pursuant to Federal Rule of Civil Procedure 12(b)(1).

Respectfully submitted,

Date: June 25, 2016

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).